IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CORDELL ALLEN MINOR,**

    Petitioner,

v.                                                                      Civil Action No. 1:19cv222
                                                                      (Judge Kleeh)

**PAUL ADAMS,**

    Respondent.

### REPORT AND RECOMMENDATION ON MOTION FOR
### PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

### I. Background

The *pro se* Petitioner, a federal inmate, initiated this habeas corpus action pursuant to 28 U.S.C. § 2241 on December 11, 2019, challenging his firearms convictions under 18 U.S.C. 922(g)(1) and 924(a)(2) in light of Rehaif v. United States. [1]

On January 21, 2020, the Petitioner filed an ExParte [sic] [Motion for] Preliminary Injunction and Temporary Restraining Order Pursuant to Civil Rule P. 65(a)(b), which is before the undersigned for a Report and Recommendation.

### II. Analysis

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the Petitioner is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 55 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy

---

[1] Rehaif v. United States, 139 S.Ct. 2191 (2019).

involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); See Direx v. Israel, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a Petitioner "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22. (emphasis added.).

The demanding standard outlined above becomes even more exacting when a Petitioner seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). As explained by the Fourth Circuit:

> Ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litg., 333 F.3d 517, 525 (4th Cir. 2003). Movant, however, seeks to alter the status quo by having a federal court order the Board to include his name on a primary election ballot. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, our

"application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, the Petitioner requests that this Court issue a preliminary injunction and temporary restraining order directing the Respondent to "cease in engaging in intentionally confining . . . [him] by restraining[] and imprisoning . . . [him] by interfering with . . . [his] freedom to move without restraint[.]" ECF No. 15 at 1.  Without this relief, Petitioner contends that he is likely to suffer unspecified irreparable harm. Id. at 2.

The pertinent statutes relevant to Petitioner's request for an order immediately releasing him from custody can be found under 28 U.S.C. § 2255.  A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255.

Minor's § 2241 petition alleges that his conviction for being a felon in possession of a firearm has been invalidated by the Supreme Court's Rehaif decision, and that this substantive change in law makes previously illegal conduct no longer "a source of criminal liability." ECF No. 1-1 at 21. However, the undersigned notes that on July 2, 2019 in his sentencing court in the United States District Court for the Northern District of Ohio, Minor filed a "Motion for Immediate Release in Light of Rehaif[]." See N.D. Oh. Case No. 5:15cr412, ECF No. 111.  The motion was summarily denied by Order entered the following day. Id., ECF No. 112.

In Rehaif, the Supreme Court held that in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at

3

2195. The Petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. The grades he earned were so poor, the university dismissed him. The university advised Rehaif that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the Rehaif's visit to a firing range, where he shot two firearms, Rehaif was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over Rehaif's objection, that the "United States is not required to prove" that Rehaif "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found Rehaif guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was Rehaif's status as an illegal alien. Id. at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

An analysis of the Winter factors reveals that Petitioner's motion for preliminary injunction fails, because he has not made a clear showing that he is likely to succeed on the merits of his complaint. While Petitioner's allegations regarding the illegality of his conviction may be sufficient to survive summary dismissal, the Respondent has yet to file its response, and therefore, the record presently before the undersigned is insufficient to demonstrate whether Petitioner can prove that he lacked the requisite awareness that he belonged to the relevant category of persons barred from possessing a firearm. Therefore, based upon the record currently before the court, the Petitioner has not clearly shown that he is likely to succeed on the merits of his claims. Because the Petitioner has not made the necessary showing as to the first factor, it is not necessary to even

reach the other factors. See Dewhurst, 649 Fed 3rd at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant).

### III. Recommendation

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the Petitioner's motion for preliminary injunction and temporary restraining Order [ECF No. 15] be **DENIED**.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to United States District Judge Thomas S. Kleeh. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket and to any counsel of record via electronic means.

DATED: March 9, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE