```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

**CORDELL ALLEN MINOR,**

      **Petitioner,**

**v.**                                          **Civ. Action No. 1:19-CV-222**
                                                                                      **(Kleeh)**

**PAUL ADAMS,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge"). For the reasons discussed herein, the Court adopts the R&R in full.

### I.  PROCEDURAL HISTORY

On December 11, 2019, the Petitioner, Cordell Allen Minor ("Petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. He alleges that his 2016 conviction for being a felon in possession of a firearm has been invalidated by Rehaif v. United States, 139 S. Ct. 2191 (2019). On January 21, 2020, Petitioner filed a motion for preliminary injunction and temporary restraining order. ECF No. 15. On March 9, 2020, the Magistrate Judge entered his R&R on the motion, recommending that it be denied.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

ECF No. 20. Petitioner filed objections to the R&R on March 18, 2020. ECF No. 23.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. R&R

In the R&R, the Magistrate Judge recommended that the Court deny the motion for preliminary injunction and temporary restraining order. He found that Petitioner did not make a clear showing that he was likely to succeed on the merits.

The R&R also stated that the parties had fourteen (14) days from its service to file "specific written objections, identifying the portions of the Report and Recommendation to

Case 1:19-cv-00222-TSK-MJA Document 36 Filed 05/14/20 Page 3 of 9 PageID #: 444

MINOR V. ADAMS                                                    1:19-CV-222

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

which objection is made, and the basis of such objection." The R&R warned that "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

## IV. OBJECTIONS

Petitioner filed eight (8) pages of extensive objections. See ECF No. 23. For that reason, the Court will conduct a de novo review of the entire R&R.

## V. DISCUSSION

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To succeed on a motion for preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] Id. at 20. The Court applies a more demanding standard when analyzing a motion for preliminary injunction that requests action rather than preservation of the

---

[1] The same standard applies to a motion for a temporary restraining order.

3

Case 1:19-cv-00222-TSK-MJA Document 36 Filed 05/14/20 Page 4 of 9 PageID #: 445

**MINOR V. ADAMS** 1:19-CV-222

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

status quo. See Taylor v. Freeman, 34 F.3d 266, 269-70 (4th Cir. 1994) (stating in a footnote that "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances").

Here, Petitioner seeks action: release from incarceration. See ECF No. 15 at 1 (asking Respondent to cease in "intentionally confining" him, restraining him, imprisoning him, and "interfering with" his "freedom to move without restraint"). Without this relief, Petitioner contends that he is likely to suffer irreparable harm. Id. at 2.

A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is intended to address the execution of a sentence, not its validity. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Prisoners who wish to challenge the validity of their convictions or sentences are required to do so pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255. Nonetheless, § 2255 provides a "savings clause" that allows a prisoner to challenge the validity of his conviction or sentence under § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

The Fourth Circuit has established the following requirements to show that a § 2255 petition is inadequate or ineffective to test the legality of a conviction:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prison was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In United States v. Wheeler, the Fourth Circuit broadened Jones to find "that § 2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." 886 F.3d 415, 428 (4th Cir. 2018). The court found that § 2255 is inadequate and ineffective to test the legality of a sentence when the following conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

Case 1:19-cv-00222-TSK-MJA   Document 36   Filed 05/14/20   Page 6 of 9   PageID #: 447

**MINOR V. ADAMS**                                                    **1:19-CV-222**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

>   aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>   (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>   (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

Importantly, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Id. at 425 (citing Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013)). In fact, the Fourth Circuit has found that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Wheeler, 886 F.3d at 426 (citing Williams, 713 F.3d at 1339). As this Court has noted, "it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime." Swindle v. Hudgins, 5:19-CV-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020).

Here, Petitioner alleges that he is entitled to relief under the savings clause. He argues that his 2016 conviction for

Case 1:19-cv-00222-TSK-MJA Document 36 Filed 05/14/20 Page 7 of 9 PageID #: 448

**MINOR V. ADAMS** 1:19-CV-222

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), has been invalidated by Rehaif v. United States. In Rehaif, the Supreme Court of the United States held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Before Rehaif, the defendant need not have knowledge that he belonged to the prohibited class.

In reviewing the record, the Court agrees with the Magistrate Judge that Petitioner has not shown a likelihood of success on the merits. Specifically, Petitioner has not established that he can satisfy the second element of Jones. Courts in the Fourth Circuit have analyzed similar post-Rehaif § 2241 petitions filed by individuals convicted under § 922(g) pre-Rehaif. These courts have found that the savings clause did not apply because the conduct for which the petitioners were convicted — being felons in possession of firearms — remains illegal. See, e.g., Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *3 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses;

Case 1:19-cv-00222-TSK-MJA Document 36 Filed 05/14/20 Page 8 of 9 PageID #: 449

**MINOR V. ADAMS** 1:19-CV-222

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NO. 15]**

accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and, therefore, he cannot satisfy the second element of Jones.") (Report and Recommendation), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019). For those reasons, Petitioner has failed to establish that he will be successful on the merits.

As discussed above, mandatory preliminary injunctive relief is disfavored. Petitioner's situation does not constitute an extraordinary circumstance in which it should be provided. Because Petitioner has failed to satisfy the first element under Winter, he is not entitled to a preliminary injunction or temporary restraining order. The Court, therefore, does not need to analyze the remaining elements.

## VI. CONCLUSION

For the reasons discussed above, the Court **ORDERS** that the R&R [ECF No. 20] is **ADOPTED,** and Petitioner's motion for preliminary injunction and temporary restraining order is **DENIED** [ECF No. 15].

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 20] AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTAINING ORDER [ECF NO. 15]**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to the <u>pro se</u> Petitioner via certified mail, return receipt requested.

DATED: May 14, 2020

<u>/s/ Thomas S. Kleeh</u>
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE